GREEN B. STORM, APPELLANT, v. JAMES C. STORY, APPELLEE.

FILED NOVEMBER 30, 1918. No. 20245.

1. **Vendor and Purchaser: CONTRACT: TIME OF PERFORMANCE.** Where
   a contract for the sale of real estate requires that an abstract of
   title to the land sold be brought down to date, and where the con-
   tract does not specify any time for its completion, there is an
   implied obligation that the abstract be completed and the trans-
   action closed within a reasonable time.

2. ———: ———: **RESCISSION: SPECIFIC PERFORMANCE.** Where the
   delay in the completion of the abstract was occasioned by the
   failure of the seller to supply, with the abstract, a history of cer-
   tain foreclosure proceedings through which the title was derived,
   he was not entitled to rescind the sale and refuse to convey be-
   fore the abstract had been completed and brought down to date,
   and the buyer, upon fulfilling the terms of the contract, is en-
   titled to specific performance.

APPEAL from the district court for Hitchcock county:
ERNEST B. PERRY, JUDGE. *Affirmed.*

*J. L. Rice,* for appellant.

*Eldred, Cordeal & McCarl, contra.*

LETTON, J.

The plaintiff, who then lived in Missouri, was the
owner of a tract of land in Hitchcock county. In Au-
gust and September, 1916, he had some correspondence
with the defendant, who was a real estate dealer in
that county, concerning the purchase of this land. After
considerable correspondence, the plaintiff finally offered
to sell the land for $4,250, to be paid as follows: The
purchaser to assume an existing mortgage of $1,500 on
the land, to pay $2,000 cash, and to give a note and
mortgage for $750 payable in three years. In his letter
of September 15, 1916, accepting the terms, the defend-
ant said: "We will have deed brought down to date.
Attend to this at once, as I want to put in wheat."

Defendant testified that he meant to say, "We will have the *abstract* brought down to date," and this was evidently the meaning plaintiff understood, for on September 18 the plaintiff wrote as follows: "Your letter and deed received and will go to town this a. m. and sign deed and forward it to the Commercial Banking Co. Now Mr. Story I am going to ask a little more cash from you as I intended my first offer to you should have said cash, but will only ask enough more to pay the 1915 taxes and whatever it costs to bring *abstract* down to date." The deed was signed and forwarded to the bank that day.

Plaintiff testifies that he did not hear from Mr. Story in reply to this letter; that a short time afterwards he wrote to the bank with respect to the matter, but received no reply; that the latter part of the month he sent a telegram to the bank as follows: "If nothing done yet return deed at once." Receiving no reply, he went to Nebraska, reaching Stratton on Tuesday, October 2. He called at the bank, asked for the deed, which was delivered to him. He denies that he had any conversation with Mr. Vennum, the banker, with respect to the abstract until after he received the deed, when he says Vennum told him the matter had been delayed because the abstract had been sent to Trenton, the county seat, to be brought down to date, but had not been returned yet.

He also testifies that he saw Mr. Story later in the day, who said he ought to have the land, but made no tender of any money or note. A few days afterwards Story placed upon the records of the county copies of the letters, with an affidavit, claiming an interest in the land. Plaintiff contracted to sell the land to a third person, received a part of the purchase money, and afterwards brought this action to remove the cloud created by the recording of the mentioned papers. The answer pleads a contract made by correspondence;

that Story has always been ready and willing to comply with its terms; and prays that the plaintiff be compelled to make specific performance. The court found for the defendant, and granted the affirmative relief prayed.

The deed was mailed in Missouri on September 18, and was taken up by the plaintiff on October 2. It will be seen that less than 14 days elapsed from the time the deed was signed until it was withdrawn. Story informed the banker he would take the land, and arranged with him to borrow part of the purchase money. The delay in procuring the abstract was occasioned by reason of the fact that the holder of the first mortgage, when he delivered the abstract to Mr. Vennum, failed to include the history of certain foreclosure proceedings affecting the land, which had accompanied it, and should have been delivered with it.

Vennum was interested to some extent in the title on account of his agreement to loan, and he wanted the abstract completed so as to show this history. This history was then prepared by an abstracter at the county seat. It covers 22 closely typewritten pages. These were not completed and certified until October 3, the day after plaintiff demanded and received the deed.

Plaintiff contends that the contract with Story was only conditional, and that, until fully executed, he had the right to rescind. The only condition implied was that the abstract should show a good title, and this of necessity required that it be completed and be brought down to date. Since no time was specified, it is clear that, if proper efforts were made within a reasonable time to have the abstract completed, and defendant was ready and willing to pay when this was done, he was fulfilling his part of the contract. He is not shown to be accountable for the delay.

While no money or note was actually tendered by him, he was not in default, for the reason that a

marketable title was not shown until the abstract was completed, as agreed.

Plaintiff also contends that the decree is not in accordance with the contract, since it requires the payment of cash instead of the giving of a note and mortgage. The correspondence, however, shows that the plaintiff was anxious to obtain money, and was ready to take the cash at any time.

The decree in favor of defendant is warranted by the evidence.

AFFIRMED.

SEDGWICK, J., not sitting.